**BREECKNER, Plaintiff, v. COAKLEY et, Defendants.**

Common Pleas Court, Franklin County.

No. 190709.   Decided November 1, 1954.

Jenkins, Williams, Wendt, Murray & Deeg, O. H. Roth, Columbus, for plaintiff.

Benoy & Sebastian, Wright, Harlor, Purpus, Morris & Arnold, Bricker, Marburger, Evatt & Barton, Columbus, for defendants.

**OPINION**

By BARTLETT, J.

1. MOTIONS OF RESPECTIVE DEFENDANTS TO STRIKE FROM THE PETITION THE FIRST SPECIFICATION OF NEGLIGENCE, OVERRULED.

2. MOTIONS TO MAKE PETITION DEFINITE AND CERTAIN BY STATING:

a. WHICH OF THE COLLISIONS OF THE THREE MOTOR VEHICLES INVOLVED, OCCURRED FIRST AND HOW FAR APART THEY WERE, OVERRULED.

b. WHICH OF PLAINTIFF'S INJURIES WERE SUSTAINED AS THE RESULT OF EACH OF THE PARTICULAR COLLISIONS, OVERRULED.

Action based on negligence in the operation of three automobiles resulting in personal injury of plaintiff.

The petition states plaintiff was a passenger for hire, riding in the car operated by the defendant Smith, travelling in a westerly direction on Oakland Park Avenue at a speed of 35 miles per hour, 20 feet in the rear of the car operated by defendant Agriesti, going in the same direction; and the car operated by defendant Coakley was travelling in same direction at a speed of 35 miles per hour, 20 feet in the rear of the car in which plaintiff was a passenger.

The petition also avers that defendant Agriesti on entering the intersection of Beulah Road with Oakland Park Avenue, made a sudden stop to turn south on Beulah Road without any signal or warning thereof; that the defendant Smith drove into the rear of the car driven by defendant Agriesti; that the defendant Coakley ran into the rear of the car in which plaintiff was riding; and that the personal injuries of plaintiff resulted from the concurrent negligence of the three defendants, with a prayer for judgment of $15,000.00.

The defendants Smith and Coakley filed similar motions, both to strike from the petition the first specification of negligence against each of them, and to make the petition definite and certain by setting forth certain facts.

The specification of negligence asked to be stricken was in effect that the particular defendant drove his car, "at too close a distance, to-wit, 20 feet," in the rear of the car immediately in front of such defendant.

The petition also sets forth a specification of negligence against each defendant, Smith and Coakley, to the effect that they drove their respective car, "at a rate of speed that was greater than would permit him to

bring his automobile to a stop within the assured clear distance ahead, to-wit, 35 mph."

It is argued that the specification of following the other car, "at too close a distance," is a mere conclusion and improper pleading. The Court is not in accord with this view of counsel for defendants. The petition avers both cars of the defendants Smith and Coakley were driven at a speed of 35 miles per hour and 20 feet back of the car in front of them. These facts would be sufficient to justify the averment of negligence in driving too close behind the other car.

If the conclusion be pleaded, there must be an averment of facts on which the conclusion rests. **Trustees of School, etc. v. Odlin, 8 Oh St 293.** Whether a particular averment is merely the conclusion of the pleader may be tested by the presence or absence of supporting or operative facts. Munn v. Herriff, 2 O. Supp. 401.

It is also claimed by counsel for defendants that plaintiff's whole claim is embraced in her allegation with respect to the assured clear distance ahead, and hence there is no necessity for the averment of following another car, "at too close a distance." A person may violate more than one statute in the same transaction. **State v. Rose, 89 Oh St 383, 386.** Violation of the "assured clear distance ahead" requirement of §4511.21 R. C. constitutes negligence per se. **Skinner v. Penna. Rd. Co., 127 Oh St 69; Gumley, Admr. v. Cowman, 129 Oh St 36.** It may well follow that the violation of the specific requirement of §4311.34 R. C., prohibiting the following of another vehicle "more closely than is reasonable and proper," etc., constitutes negligence per se; and if the facts warranted the plaintiff would be entitled to have the jury so instructed. In any event the Court considers such specification proper in view of the facts averred in the petition.

Counsel for the defendants Smith and Coakley by motion to make the petition definite and certain, request that plaintiff be required to state which of the collisions between the motor vehicles occurred first and how far apart they were; and, also, to state which of her injuries were sustained as the result of each of the particular collisions. These requests will be considered together.

The petition avers concurrent negligence on the part of all three defendants.

"1. Concurrent negligence consists of the negligence of two or more persons concurring, not necessarily in point of time, but in point of consequence, in producing a single indivisible injury.

"2. Where the negligence of an earlier wrongdoer remains a dangerous force until the negligence of a later wrongdoer concurs and combines with it to cause injury, the wrongdoers are concurrent tortfeasors and their combined negligence becomes the proximate cause of the injury." **Garbe, Appellee, v. Halloran, Appellant, 150 Oh St 476.**

"3. Where a person is wrongfully injured at the hands of two or more persons acting in concert, or acting independently but concurrently in causing a single injury, each of the wrongdoers is severally liable to such person for the full amount of the damage occasioned thereby; and the person injured may enforce his claim therefor in an action against all of them jointly, any one of them severally, or any number of them

less than the whole." **Larson, Appellee, v. The Cleveland Railway Co. et al., Appellants, 142 Oh St 21.**

"5. If the defendant was negligent which negligence caused injury to the plaintiff, combining with other injuries sustained in the same accident, caused by the negligence of another, the two wrongdoers being joint tort-feasors, it is unimportant to separate, even if it were possible, the injuries sustained as a proximate result of the separate claims of negligence of the several tort-feasors. Both are liable for the full damage. If, however, no negligence is shown against a party claimed to be a joint tort-feasor, or that even though one was shown to have been negligent but no injury proximately resulted from such negligence, no liability could follow and the attempted separation of injuries would have no legal consequence." **Prok, Plaintiff-Appellee, v. Cleveland (City), Defendant-Appellant, 60 Abs 515.**

The motion of both defendants Smith and Coakley to strike from the petition, the first specification of negligence of following "at too close a distance" another vehicle, is hereby overruled.

The motion of such defendants to make the petition definite and certain is hereby overruled as to all branches thereof.